**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **AS Hotels, Inc.** | : | |
| 10800 Hebron Road, | : | |
| Buckeye Lake, OH 43008, | : | Case No._____ |
| | : | |
| **Sucha Singh** | : | Judge _____ |
| 7588 Lancaster Road SW | : | |
| Hebron, OH 43025 | : | |
| | : | |
| **Harbhajan Kaur** | : | |
| 7588 Lancaster Road SW | : | |
| Hebron, OH 43025, | : | |
| | : | |
| **Amandeep Kaur** | : | |
| 7588 Lancaster Road SW | : | JURY DEMAND |
| Hebron, OH 43025, | : | ENDORSED HEREON |
| | : | |
| Plaintiffs, | : | |
| | : | |
| -v- | : | |
| | : | |
| **The Village of Buckeye Lake, Ohio** | : | |
| 5192 Walnut Road | : | |
| Buckeye Lake, Ohio 43008, | : | |
| | : | |
| **Mayor Jeryne Peterson, in her** | | |
| **official capacity** | : | |
| 5192 Walnut Road | : | |
| Buckeye Lake, Ohio 43008, | : | |
| | : | |
| **Chief Jason Harget, in his** | | |
| **official capacity** | : | |
| 5200 Walnut Road | : | |
| Buckeye Lake, Ohio 43008, | : | |
| | : | |
| **Officer Hiroki Barker, in his** | | |
| **official capacity** | : | |
| 5200 Walnut Road | : | |
| Buckeye Lake, Ohio 43008, | : | |
| | : | |
| **Officer Jason Pereira, in his** | | |
| **official capacity** | : | |
| 5200 Walnut Road | : | |

Buckeye Lake, Ohio 43008,           :
                                          :
    Defendants.                     :

## COMPLAINT FOR MONEY DAMAGES, DECLARATORY JUDGEMENT AND INJUNCTIVE RELIEF

Plaintiffs AS Hotels, Inc., an Ohio Corporation, its owners – Sucha Singh and Harbhajan Kaur, and their employee, Amandeep Kaur, in support of their Complaint for damages, declaratory judgement, and injunctive relief against Defendants the Village of Buckeye Lake, Mayor Jeryne Peterson, Chief Jason Harget, Officer Hiroki Barker, and Officer Jason Pereira, aver and allege as follows:

## INTRODUCTION

AS Hotels, Inc. owns and operates a 92-room motel known as the Lake Inn in Buckeye Lake, Ohio. The Lake Inn is tucked on a piece of property behind a gas station, a McDonald's, and a lumber yard just off Interstate 70 in Licking County, Ohio. It is a roadside motel devoid of frills, but it provides a valuable service to lower-income residents and travelers as well as itinerant construction workers and other traveling tradesmen.

The Village of Buckeye Lake and its Mayor, Jeryne Peterson, view and treat the Lake Inn, its owners, employees, and guests, as beneath them and have undertaken a targeted campaign against the motel and its owners and employees. The Village's Police Department and Code Enforcement Officer have been tools of this campaign and have violated Plaintiffs' clearly established constitutional rights. The Village's lawless disregard of constitutional rights starts at the top, with the Mayor and Chief of Police, Jason Harget.

It is unclear whether Defendants' campaign of harassment and intimidation is just for fun, or whether there is a larger end game of forcing Plaintiffs out of the Village with hopes of luring

new development to prime real estate. Regardless, the haphazard and unconstitutional nature of the actions taken by the Village and its employees to this point could not be clearer.

## PARTIES

1.      Plaintiff AS Hotels, Inc., is an Ohio Corporation duly registered with the Ohio Secretary of State, with its principal place of business in Licking County, Ohio.

2.      Plaintiff Sucha "Sonny" Singh is the co-owner of AS Hotels, Inc.

3.      Plaintiff Harbhajan Kaur is the co-owner of AS Hotels, Inc.

4.      Plaintiff Amandeep Kaur is the manager and agent of the Lake Inn. AS Hotels, Inc., Sucha Singh, Harbhajan Kaur, and Amandeep Kaur are referred to together as "Plaintiffs."

5.      Defendant Village of Buckeye Lake, Ohio (the "Village") is a statutory village organized under the laws of the State of Ohio.

6.      Defendant Jason Harget is the Chief of Police of the Village of Buckeye Lake Police Department.

7.      Defendant Officer Hiroki Barker is a member of the Village of Buckeye Lake Police Department.

8.      Defendant Officer Michael Pereira is a member of the Village of Buckeye Lake Police Department.

9.      Defendant Jeryne Peterson is the Mayor of the Village. The Village is a strong-mayor system where the mayor is the chief executive and administrative officer, and the chief law enforcement official.  The Village, Chief Harget, Officer Barker, Officer Pereira and Mayor Peterson are referred to together as "Defendants."

## JURISDICTION AND VENUE

10.      Plaintiffs restate the foregoing paragraphs as if fully rewritten herein.

11. This action arises under the laws of the United States, including 42 U.S.C. § 1983, and this Court possesses jurisdiction over this matter under 28 U.S.C. § 1331, as this case presents questions of federal constitutional law and 28 U.S.C. § 1343 involving deprivations of Plaintiffs' civil rights under color of state law. Jurisdiction supporting Plaintiffs' claims for attorneys' fees is conferred by 42 U.S.C. § 1988.

12. This Court has personal jurisdiction over Defendants, and venue is proper in this District pursuant to 28 U.S.C. §1391, because a substantial part of the events giving rise to this claim occurred in this District.

## **FACTUAL ALLEGATIONS**

13. Plaintiffs restate the foregoing paragraphs as if fully rewritten herein.

14. On April 3, 2023, in response to a singular complaint about an alleged bedbug from an alleged guest, Code Enforcement Officer Rex Adkins, Police Chief Jason Harget, Fire Chief Keisha Amspaugh, and other yet to be identified Village employees descended on the Lake Inn.

15. Mr. Adkins informed Plaintiff Harbhajan Kaur, the wife of Plaintiff Sucha "Sonny" Singh, and Plaintiff Amandeep Kaur, the Manager of the Lake Inn and sister of Harbhajan, why he was present and requested permission to inspect several of the motel rooms.

16. Plaintiffs granted his request.

17. Defendant Officers Barker and Pereira came to the Lake Inn on this day without any call for assistance from Chief Harget.

18. Upon Officers Barker's and Pereira's arrival, Chief Harget ordered them to leave the motel because he was already "dealing with Sonny."

19.     Officers Barker and Pereira then left the motel, and returned to the Buckeye Lake Police Department, where, after dealing with a separate matter with an unrelated resident, Officer Barker asked Officer Pereira "God damnit, is somebody going to let me put handcuffs on them today?"

20.     Officers Barker and Pereira then returned to the Lake Inn. It is unclear whether Officers Barker and Pereira returned to the Lake Inn under orders from Chief Harget or to otherwise satisfy Officer Barker's ambitions "to put handcuffs on" someone that day.

21.     At some point in the middle of their inspection, the Village spotted three vehicles on the Plaintiffs' property.

22.     After "inspecting" an estimated 8-10 rooms for an unidentified period of time, Mr. Adkins, who is not a professional engineer or building official qualified to render opinions on structural integrity, "condemned" the Lake Inn for an alleged infestation of bedbugs and alleged structural support issues in the motel stairwells and steel beams supporting the second floor of the motel.

23.     Mr. Adkins found no live bedbugs during his inspection.

24.     No Village Representative provided Plaintiffs with written notices of violations, any citations to the code sections that were allegedly violated, or any written instruments on how to fix the alleged issues and undo the condemnation.

25.     Around 4:30 p.m. that same day, Mr. Adkins and Chief Harget informed Plaintiffs Harbhajan Kaur and Amandeep Kaur that they needed to uproot their 50 to 60 paying customers from the motel before 7:00 p.m. that night.

26.     Under considerable stress and confusion, Plaintiffs began work on the order, but it was a lengthy process to evict guests while also processing refunds and attendant paperwork.

27.     During the forced eviction process, Chief Harget, on body camera, opined to his officers that guests of the motel should "fucking sue" Plaintiffs in small claims court for refunds because "that's what they need." The full context of the conversation shows that the "they" he referenced were the Plaintiffs.

28.     Later that afternoon, Plaintiff Amandeep Kaur approached the officers to request the steps necessary to reopen the motel and a timeline for doing so. She then told Defendant Officers that she believed the Village was targeting them because they were Indian Americans and that she believed they were racist.

29.     In retaliation, Officer Barker demanded that she go inside and process the guest check-outs or that he would "take everybody" in the motel "to jail" because he "had plenty of handcuffs."

30.     As Officer Barker was threatening to arrest everyone in the motel for no underlying criminal activity, Plaintiff Amandeep Kaur was already walking away from the officers and back towards the motel office. In response to Officer Barker's threat, she then turned back to him, shrugged her shoulders, and wryly said "why don't you go ahead and do that? Arrest me." She then continued to walk back towards the motel office, as Officer Barker had instructed her.

31.     In retaliation for Plaintiff Kaur's speech, Officers Barker and Pereira quickly caught up to Plaintiff Kaur. Officer Barker then forcefully grabbed her from behind and forced her arms behind her back while Officer Pereira snapped the handcuffs on her wrists.

32.     When Plaintiff Kaur demanded an explanation of why she was being arrested she was told "for not doing what we told you," and that she "had literally asked for it."

33.     Ms. Kaur asked to speak with her attorney and Chief Harget replied that "your attorney has already been called." This was a lie.

34.     Ms. Kaur was frisked and placed in the back of a Buckeye Lake Village Police Department SUV for approximately 15 minutes. She was not told why she was arrested; she was not read her Miranda rights; she was not asked if she understood her rights.

35.     Plaintiffs requested Incident Reports about this arrest on April 7 but did not receive them until the week of April 17 despite clear Ohio law which requires the production of such Incident Reports on demand. Plaintiffs' Exhibits 1 and 2.

36.     The Incident Reports drafted by Officers Barker and Pereira contain falsehoods, misstatements, and outright lies that directly contradict their own body camera footage and security camera footage from the Lake Inn.

37.     The Incident Reports go to great lengths to justify their actions on April 3 by referring to previous interactions with Lake Inn ownership and staff, none of which were relevant to their actions on April 3, except to the extent they show the officers' desire to punish Lake Inn ownership and staff for previous protected statements by Plaintiffs.

38.     Officer Barker wrote that "prior to this incident she has been verbally abusive toward officers and stating several times that officer do not like foreign people and that we only pick on them because they are foreign." Plaintiffs' Exhibit 1.

39.     Officer Pereira wrote that "we have come out to this location many times and have helped remove residents from the property as requested by Sucha and management, and that while doing so they would typically badger us and tell us we do not help them because we are racist and we do not want to help them." Plaintiffs' Exhibit 2.

40.    Officers Pereira and Barker both acknowledge that Plaintiff Kaur first approached them to ask when the motel could reopen and what they could do about several long-term tenants—reasonable questions when faced with an immediate, meritless, and unexpected condemnation order. *Id*.

41.    Officer Pereira's Incident Report claims that Plaintiff Kaur's discussion with the officers was "hindering herself and us from official business of the notification and removal of the residents from the property." But at that time, the officers were doing nothing more than standing in the parking lot and talking among themselves. Plaintiffs' Exhibit 2.

42.    Both Incident Reports claim that Officer Barker read Plaintiff Kaur her Miranda rights. Those are lies that directly contradict the Officers' body camera footage. Plaintiffs' Exhibits 1 and 2.

43.    Both Incident Reports claim that Plaintiff Kaur told them that she understood her Miranda rights. Those are lies that directly contradict the Officers' body camera footage. *Id*.

44.    On April 4, 2023, around 9:20 A.M., Officer Barker returned to the scene and attached to three vehicles belonging to Plaintiffs an orange "WARNING" sign that read "This vehicle is considered abandoned and may be impounded if not removed within 24 hours." The sign provided no indication of any Village Code or State law provision to justify the impoundment.

45.    Less than 24 hours later, the vehicles were towed off Plaintiffs' property before 8:00 AM.

46.    Plaintiffs attempted to contact the Village on multiple occasions to learn the exact violations of the International Property Maintenance Code that had been relied upon to condemn the Lake Inn. Plaintiffs did not receive a response for several weeks. Plaintiffs' Exhibits 3 and 4.

47.    The Village finally provided written notices of violation to Plaintiffs on April 15. Plaintiffs' Exhibit 5.

48.    The 14 notices, most of which involved cosmetic issues that could not legally result in a condemnation, each stated that they were, in fact, not citations but rather "warning notice[s]." *Id*.

49.    But yet those "warning notices" were used to condemn and close the Lake Inn, and only provided **after** the Village shut it down.

50.    Neither Village staff nor the "warning notices" informed Plaintiffs that they had the right to appeal any decision made under the Code as required by Section 107.2(5) of the 2018 International Property Maintenance Code ("IPMC") which was adopted by the Village.

51.    Plaintiffs, through counsel, notified the Village Solicitor of this deficiency in the Village's warnings and perfected the right to appeal within the 20-day period required by Section 111.1 of the IPMC. Plaintiffs' Exhibit 6.

52.    After the "condemnation" Plaintiffs immediately contacted Orkin Pest Control to perform an inspection of the motel and any necessary treatments.

53.    Orkin Pest Control performed a canine inspection on April 12, 2023, and found no live bedbug contamination.

54.    Orkin treated 5 rooms on April 15, 2023, because of trace indications of previous bedbugs and during the course of those treatments found two live bedbugs in one room of the 91-room motel. Plaintiffs' Exhibit 7.

55.    Plaintiffs, through counsel, provided proof of these services to the Village Property Maintenance Inspector and Village Solicitor.

56.     Upon learning of the Orkin reports, Mayor Peterson's first inclination was to "call to verify Orkin to make certain" that the reports were true and accurate and to express shock that Orkin was unable to find any "live bedbugs." Plaintiffs' Exhibit 8.

57.     Indeed, multiple emails eventually obtained through public records requests to the Village show Mayor Peterson's targeted, capricious, and discriminatory desire to keep the Lake Inn closed as long as possible. Plaintiffs' Exhibit 8-10.

58.     Mayor Peterson, in fact, took it upon herself to conduct multiple drive by inspections of the motel during the period that the motel was condemned, all while Plaintiffs' public records requests were pending and the Village having provided no response to the same. Plaintiffs' Exhibit 9.

59.     Mayor Peterson also devised her own unique and arbitrary credentialing standard for the Lake Inn and individual Plaintiffs as to who they should hire to clean and make cosmetic repairs to their property. *Id*.

60.     The Village also claimed that Plaintiffs had not reached out to obtain any permits or to discuss what needs to be done despite extensive and ongoing email traffic regarding the reopening of the motel and requests for the nature of the violations. Plaintiffs' Exhibit 10.

61.     Mayor Peterson then openly discussed via email stacking the appeals board required by the International Property Maintenance Code with appointees supportive of her desire to close the motel. Plaintiffs' Exhibit 11.

62.     Recent media reports demonstrate that Mayor Peterson's tendency to engage in autocratic behavior is widespread and that this course of conduct extends to Village employees and contractors as well. Plaintiffs' Exhibit 12.

## COUNT ONE: 42 U.S.C. § 1983
## RETALIATION IN VIOLATION OF FIRST AMENDMENT RIGHTS – OFFICER BARKER

63.     Plaintiffs restate the foregoing paragraphs as if fully rewritten herein.

64.     Defendant Officer Barker, without privilege to do so and lacking any probable cause, acted under color of state law and within the scope of his official duties, to deprive Plaintiff Amandeep Kaur of her right to engage in lawful free speech without being harassed by government agents.

65.     Plaintiff Amandeep Kaur's engaged in speech protected by the First and Fourteenth Amendments of the United States Constitution when she: (1) asked Officer Barker about the process of reopening the motel; (2) opined that the Lake Inn was being targeted due to the race and nationality of its owner; and (3) criticized the conduct of public officials during the eviction process and on previous occasions.

66.     A First Amendment right to criticize public officials is clearly established, and a reasonable officer should have known that an arrest or other adverse action undertaken in retaliation for constitutionally protected speech was illegal.

67.     A reasonable officer should also know that such retaliation against protected speech would chill an ordinary person from engaging in such protected speech in the future.

68.     Defendant Barker acting under the color of state law knowingly, negligently, or with deliberate callous indifference to Plaintiff Amandeep Kaur's First Amendment rights retaliated against Plaintiff Amandeep Kaur by physically restraining, handcuffing, and forcing her into the back of a police cruiser for nearly 15 minutes.

69.     Defendant Barker's actions violated Plaintiff Amandeep Kaur's protected First Amendment rights and chilled her from engaging in future protected speech or even from calling the Buckeye Lake Police Department for assistance.

70.     Defendant Barker has neither absolute nor qualified immunity from liability because the actions he took violated clearly established legal rights of Plaintiff Amandeep Kaur.

71.     Defendant Barker's incident report makes clear that Plaintiff Amandeep Kaur's speech was the sole cause of his decision to take the adverse action as he makes repeated reference to past comments made by Plaintiff Amandeep Kaur, which are irrelevant to the day of the incident.

72.     Defendant Barker deprived Plaintiff Kaur of her right to free speech guaranteed by the First Amendment to the United States Constitution in violation of 42 U.S.C. §1983.

73.     As a direct and proximate result of Defendant Barker individually and officially depriving Plaintiff Kaur of her right to free to speech, Plaintiff Kaur incurred damages in an amount to be determined by a jury at trial.

<u>**COUNT TWO: 42 U.S.C. § 1983**</u>
<u>**RETALIATION IN VIOLATION OF FIRST AMENDMENT RIGHTS – OFFICER PEREIRA**</u>

74.     Plaintiffs restate the foregoing paragraphs as if fully rewritten herein.

75.     Defendant Officer Pereira engaged in the same activity against Plaintiff Amandeep Kaur as Officer Barker as outlined in Count One.

76.     Defendant Pereira assisted Officer Barker by restraining Plaintiff Amandeep Kaur and forcing her into the police cruiser for 15 minutes.

77.     Defendant Periera acted under the color of state law and within the scope of his official duties without privilege to do so when he took these actions to deprive Plaintiff Amandeep Kaur of her right to engage in lawful free speech without being harassed by government agents.

78.     Defendant Pereira has neither absolute nor qualified immunity from liability because the actions he took violated clearly established legal rights of Plaintiff Amandeep Kaur.

79.    Defendant Pereira deprived Plaintiff Kaur of her right to free speech guaranteed by the First Amendment to the United States Constitution in violation of 42 U.S.C. §1983.

80.    As a direct and proximate result of Defendant Pereira individually and officially depriving Plaintiff Kaur of her right to free to speech, Plaintiff Kaur incurred damages in an amount to be determined by a jury at trial.

**COUNT THREE: 42 U.S.C. § 1983**
**RETALIATION IN VIOLATION OF FIRST AMENDMENT RIGHTS – VILLAGE OF BUCKEYE LAKE**

81.    Plaintiffs restate the foregoing paragraphs as if fully rewritten herein.

82.    Defendant Mayor Jeryne Peterson is the chief executive and chief law enforcement officer of the Village of Buckeye Lake under Ohio law.

83.    Defendant Peterson orchestrated and directed the actions outlined in Counts One, Two, and Three because of her desire to close Plaintiff's motel.

84.    Mayor Peterson acted under the color of state law by directing Defendant Officers Barker, Pereira, and Chief Harget to shut down the hotel which directly led to the retaliation and accompanying deprivation of constitutional rights outlined in Counts One, Two, and Three.

85.    The direction of Mayor Peterson established a custom or policy of encouraging or condoning adverse police action in retaliation against constitutionally protected speech.

86.    As a direct and proximate result of Mayor Peterson's actions, the Village of Buckeye Lake deprived Plaintiff Amandeep Kaur of her right to free speech and caused her damages in an amount to be determined by a jury at trial.

**COUNT FOUR: 42 U.S.C. § 1983**
**UNREASONABLE SEIZURE – OFFICER BARKER**

87.    Plaintiffs restate the foregoing paragraphs as if fully rewritten herein.

88.     Defendant Barker deprived Plaintiff Amandeep Kaur of her Fourth Amendment right to be free from unreasonable seizure without probable cause.

89.     Plaintiff Amandeep Kaur was never charged with a crime.

90.     Defendant Barker's incident report intimates that the potential charge was disorderly conduct but fails to allege any statement that would, by its very utterance, inflict injury or provoke the average person to an immediate breach of the peace.

91.     To prevail on a false arrest claim under 42 U.S.C. § 1983, "a plaintiff must prove that the arresting officer lacked probable cause to arrest the plaintiff." *Tlapanco v. Elges*, 969 F.3d 638, 652 (6th Cir. 2020). "[S]tate law defines the offense for which an officer may arrest a person, while federal law dictates whether probable cause existed for an arrest." *Kennedy v. City of Villa Hills*, 635 F.3d 210, 215 (6th Cir. 2011).

92.     Ohio's statute "requires two elements to commit disorderly conduct." *Osberry v. Slusher*, 750 F. App'x 385, 394 (6th Cir. 2018). "First, a person must 'recklessly cause inconvenience, annoyance, or alarm to another,'" and "[s]econd, the person must cause this disturbance by engaging in specific enumerated conduct, such as fighting, provoking a violent response, hindering or preventing the movement of persons, or creating a physically offensive or harmful condition." *Id.*

93.     Ohio law has clearly established that a person may not be punished for disorderly conduct, based on words, unless the words spoken are likely, by their very utterance, to inflict injury or provoke the average person to an immediate retaliatory breach of the peace.

94.     Defendant Barker was standing in the parking lot of the motel when Plaintiff Amandeep Kaur, who manages the motel, approached the officers to question them about the condemnation and eviction and the steps necessary to reopen the Lake Inn.

95. Plaintiff Amandeep Kaur then also criticized their conduct as police officers and the Village itself, all of which is constitutionally protected speech under the First Amendment.

96. Defendant Barker lacked probable cause that Plaintiff Kaur was committing, or had intent to commit, a crime, and retaliated after Plaintiff Kaur criticized these Defendants for their conduct as public officials.

97. Defendant Barker, acting under color of state law, purposely, knowingly, recklessly, negligently and/or with deliberate callous indifference to the Plaintiff Kaur's federally protected rights, seized her in violation of the Fourth Amendment to the United States Constitution when he forcefully grabbed and handcuffed her as she was walking back towards the hotel office pursuant to Defendant Barker's explicit (and unlawful) order to do so.

98. Furthermore, Plaintiff Kaur was never formally charged with a crime, and the Incident Reports fail to allege any statement that would, by its very utterance, inflict injury or provoke the average person to an immediate retaliatory breach of the peace.

99. Defendant Officer Barker is not entitled to qualified immunity because the Plaintiff's right to be free from an unreasonable seizure for her statements was clearly established.

100. Defendant Officer Barker, by taking the actions described herein, deprived Plaintiff Kaur of her right to be free from unreasonable seizures guaranteed by the Fourth Amendment to the United States Constitution in violation of 42 U.S.C. §1983.

101. As a direct and proximate result of Defendant Barker individually and officially depriving Plaintiff Kaur of her right to be free from unreasonable seizures, Plaintiff Kaur incurred damages in an amount to be determined by a jury at trial.

### COUNT FIVE: 42 U.S.C. § 1983
### UNREASONABLE SEIZURE – OFFICER PEREIRA

102.     Plaintiffs restate the foregoing paragraphs as if fully rewritten herein.

103.     Officer Pereira engaged in the same conduct as Officer Barker when he assisted Officer Barker in restraining, handcuffing, and placing Plaintiff Kaur into the police cruiser.

104.     For the same legal reasons as detailed in the preceding Count Four, Officer Pereira violated Plaintiff Kaur's constitutional rights.

105.     Defendant Officer Pereira is not entitled to qualified immunity because the Plaintiff's right to be free from an unreasonable seizure for her statements was clearly established.

106.     As a direct and proximate result of Defendant Pereira individually and officially depriving Plaintiff Kaur of her right to be free from unreasonable seizures, Plaintiff Kaur incurred damages in an amount to be determined by a jury at trial.

## COUNT SIX: 42 U.S.C. § 1983
## UNREASONABLE SEIZURE – VILLAGE OF BUCKEYE LAKE

107.     Plaintiffs restate the foregoing paragraphs as if fully rewritten herein.

108.     The violation of Plaintiff's rights outlined in Counts Four and Five occurred under the color of state law and was done pursuant to the policy, custom, practice or procedure of Defendant Village of Buckeye Lake, via the actions of Officers Barker and Pereira, the inaction and cooperation of Chief Harget, and the direction of Mayor Peterson, the chief executive officer and chief law enforcement officer of the Village of Buckeye Lake.

109.     As a direct and proximate result of the Defendants' individually and officially depriving Plaintiff Kaur of her right to be free from unreasonable seizures, Plaintiff Kaur incurred damages.

## COUNT SEVEN: 42 U.S.C. § 1983
## FAILURE TO INTERVENE – CHIEF JASON HARGET

16

110.    Plaintiffs restate the foregoing paragraphs as if fully rewritten herein.

111.    Defendant Chief Harget is the Chief of Police for the Village of Buckeye Lake.

112.    During the violation of constitutional rights detailed in Counts One, Two, Four, and Five, Chief Harget was present, observed the violations, and failed to prevent the unlawful conduct against clearly established constitutional rights.

113.    As the Chief of Police, Chief Harget is responsible for establishing the customs, practices, and policies of the Village of Buckeye Lake Police Department.

114.    As the Chief of Police, Chief Harget is responsible for stepping in to halt unlawful conduct toward citizens and to keep his officers from violating constitutional rights as he witnesses such issues.

115.    As the Chief of Police, Chief Harget in fact has a duty to halt unlawful conduct toward citizens and to keep his officers from violating constitutional rights as he witnesses such issues.

116.    Chief Harget failed to intervene and indeed supervised the violation of Plaintiff Amandeep Kaur's rights.

117.    As a direct and proximate result of Chief Harget's actions and inactions, Plaintiff Kaur was deprived of her right to free speech and incurred damages in an amount to be determined by a jury at trial.

**COUNT EIGHT: 42 U.S.C. § 1983 DEPRIVATION OF LIBERTY INTERESTS
WITHOUT DUE PROCESS OF LAW – OFFICER BARKER**

118.    Plaintiffs restate the foregoing paragraphs as if fully written herein.

119.    Defendant Officer Barker, acting under the color of state law, deprived Plaintiff Amandeep Kaur of her liberty interests without due process of law in violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

120.     Plaintiff Amandeep Kaur's liberty interest are of a type protected by the Fifth and Fourteenth Amendments to the United States Constitution in that she has a protected interest in not being unlawfully and forcibly detained by a law enforcement officer.

121.     Defendant Barker's forcible manhandling, handcuffing, and detention of Plaintiff Amandeep Kaur for 15 minutes in the back of the police cruiser deprived her of her liberty interests without substantive due process in violation of the Constitution.

122.     Defendant Barker is not entitled to qualified immunity because the rights violated by his actions are clearly established under federal law.

123.     Defendant Barker's actions have damaged Plaintiff Amandeep Kaur in amounts to be determined by a jury at trial.

## COUNT NINE: 42 U.S.C. § 1983 DEPRIVATION OF LIBERTY INTERESTS WITHOUT DUE PROCESS OF LAW – OFFICER PEREIRA

124.     Plaintiffs restate the foregoing paragraphs as if fully written herein.

125.     Under the same claims outlined in the preceding Count, Defendant Officer Pereira, acting under the color of state law, also deprived Plaintiff Amandeep Kaur of her liberty interests without due process of law in violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

126.     Plaintiff Amandeep Kaur's liberty interest are of a type protected by the Fifth and Fourteenth Amendments to the United States Constitution in that she has a protected interest in not being unlawfully and forcibly detained by a law enforcement officer.

127.     Defendant Pereira's forcible manhandling, handcuffing, and detention of Plaintiff Amandeep Kaur for 15 minutes in the back of the police cruiser deprived her of her liberty interests without substantive due process in violation of the Constitution.

128.    Defendant Pereira is not entitled to qualified immunity because the rights violated by his actions are clearly established under federal law.

129.    Defendant Pereira's actions have damaged Plaintiff Amandeep Kaur in amounts to be determined by a jury at trial.

## COUNT TEN: 42 U.S.C. § 1983
## DEPRIVATION OF LIBERTY INTERESTS WITHOUT DUE PROCESS OF LAW – VILLAGE OF BUCKEYE LAKE

130.    Plaintiffs restate the foregoing paragraphs as if fully written herein.

131.    Defendant Barker and Pereira's actions and subsequent violations of Plaintiff Amandeep Kaur's due process rights in not being unlawfully and forcibly detained by law enforcement were done pursuant to the policy, custom, practice or procedure of the Village of Buckeye Lake.

132.    Police Chief Harget stood by and watched as Plaintiff Amandeep Kaur was manhandled, handcuffed, and hauled into a police cruiser without intervening.

133.    Police Chief's Harget's inaction establishes that such deprivations are standard policy, custom, practice or procedure within the Buckeye Lake Police Department.

134.    Defendant Mayor Jeryne Peterson's later emailed statements regarding the sustained closure of the motel at any cost provides further evidence of Buckeye Lake's disregard of due process rights and ratifies the conduct of Defendants Barker and Pereira against Plaintiff Amandeep Kaur.

135.    Defendant Mayor Jeryne Peterson's statements illustrate a policy or custom of the Village of Buckeye Lake to deprive individuals of due process rights.

136.    Defendant Buckeye Village's actions have damaged Plaintiff Amandeep Kaur in amounts to be determined by a jury at trial.

**COUNT ELEVEN: 42 U.S.C. § 1983**
**DEPRIVATION OF PROPERTY AND LIBERTY INTERESTS**
**WITHOUT DUE PROCESS OF LAW – VILLAGE OF BUCKEYE LAKE**

137.     Plaintiffs restate the foregoing paragraphs as if fully rewritten herein.

138.     Defendant Village of Buckeye Lake has, as a result of its policy or custom, deprived and continues to deprive Plaintiff AS Hotels of its property and liberty interests under color of law without procedural due process of law in violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

139.     Plaintiff's property and liberty interests in the ownership and operation of its business are of a type protected by the Fifth and Fourteenth Amendment to the United States Constitution.

140.     The Village of Buckeye Lake's actions against the business including an unwarranted, immediate, and full-scale closure of the hotel; the eviction of paying guests who had nowhere else to go; a significant delay in responding to questions from Plaintiffs as to how to reopen the hotel; the failure to provide documentation of the purported reasons of closure; a failure to provide any pre-deprivation or post-deprivation hearing; and the behind-the-scenes commentary about the property exposed through public records requests constitute a malicious and egregious use of state procedures to shut down Plaintiffs' business and deprive Plaintiffs of the lawful use of their property.

141.     These actions have caused the deprivation of Plaintiffs' property and liberty interests without procedural due process in violation of the Constitution.

142.     There is no pre-deprivation or post-deprivation process or remedy available to Plaintiff to cure the damages already caused by Defendant's actions.

143. Defendant Buckeye Lake's actions have damaged Plaintiff AS Hotels in amounts to be determined at trial.

## COUNT TWELVE: 42 U.S.C. § 1983
## DEPRIVATION OF PROPERTY AND LIBERTY INTERESTS
## WITHOUT DUE PROCESS OF LAW – OFFICER PEREIRA

144. Plaintiffs restate the foregoing paragraphs as if fully rewritten herein.

145. As the owners, principals and/or agents of the Lake Inn and the motel business they run there, Plaintiffs hold a clearly established property interest in the use of their property to run their business under Ohio Law. The Property interest and Liberty interest in one's means of livelihood and rights to choose one's occupation are some of the most significant interests that an individual can possess.

146. Defendant Pereira, acting under color of state law, purposely, knowingly, recklessly, negligently and/or with deliberate or callous indifference to the Plaintiffs' federally protected rights, closed the Plaintiffs' business without affording them notice and a pre-deprivation hearing.

147. Defendant Pereira's actions directly caused the loss of Plaintiffs' use and enjoyment of their property, and their fundamental liberty interests as workers in their chosen profession.

148. Defendant Pereira has neither absolute nor qualified immunity from liability.

149. Defendant Pereira, by taking the actions described in this Count Twelve, deprived Plaintiffs of their business, and thus means of livelihood without due process of law guaranteed by the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. §1983.

150. This violation of Plaintiffs' rights under color of state law was done pursuant to policy, custom, practice or procedure of Defendant Village of Buckeye Lake via the actions of

the Defendant, and specifically Mayor Jeryne Peterson, who is the decision maker possessing final authority to establish municipal policy.

151.    As a direct and proximate result of the Defendant's individually and officially depriving the Plaintiffs of their right to procedural due process of law, the Plaintiffs incurred damages.

## COUNT THIRTEEN: 42 U.S.C. § 1983
## DEPRIVATION OF PROPERTY AND LIBERTY INTERESTS
## WITHOUT DUE PROCESS OF LAW – OFFICER BARKER

152.    Plaintiffs restate the foregoing paragraphs as if fully rewritten herein.

153.    As the owners, principals and/or agents of the Lake Inn and the motel business they run there, Plaintiffs hold a clearly established property interest in the same under Ohio Law. The Property interest and Liberty interest in one's means of livelihood and rights to choose one's occupation are some of the most significant interests that an individual can possess.

154.    Defendant Barker, acting under color of state law, purposely, knowingly, recklessly, negligently and/or with deliberate or callous indifference to Plaintiffs' federally protected rights, closed the Plaintiffs' business without affording them notice and pre-deprivation hearing.

155.    Defendant Barker's actions directly caused the loss of their use and enjoyment of their property, and their fundamental liberty interests as workers in their chosen profession.

156.    Defendant Barker has neither absolute nor qualified immunity from liability.

157.    Defendant, by taking the actions described in this Count Thirteen, deprived Plaintiffs of their business, and thus means of livelihood without due process of law guaranteed by the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. §1983.

158.    The violation of Plaintiffs' rights under color of state law was done pursuant to policy, custom, practice or procedure of Defendant Village of Buckeye Lake via the actions of the Defendant, and specifically Mayor Jeryne Peterson, who is the decision maker possessing final authority to establish municipal policy.

159.    As a direct and proximate result of the Defendant's individually and officially depriving the Plaintiffs of their right to procedural due process of law, the Plaintiffs incurred damages.

### COUNT FOURTEEN: 42 U.S.C. § 1983
### DEPRIVATION OF PROPERTY INTERESTS
### WITHOUT DUE PROCESS OF LAW

160.    Plaintiffs restate the foregoing paragraphs as if fully rewritten herein.

161.    As the owners, principal(s) and/or agents of the Lake Inn and the motel business on site, Plaintiffs had a property interest in the same under Ohio law.

162.    Ohio law recognizes a fundamental property interest in vehicles, and the legislature provided a clear and straightforward process for municipal officials to follow when attempting to remove a junk vehicle from a privately owned lot.

163.    Under Ohio Rev. Code § 4513.65, it is common for the relevant authority of the municipality to "send notice, by certified mail with return receipt requested, to the person having the right to the possession of the property on which a junk motor vehicle is left, that within ten days of receipt of the notice, the junk motor vehicle either shall be covered…or shall be removed from the property (emphasis added)."

164.    The day after the gratuitous inspection of the motel in response to a singular bedbug complaint, Officer Barker, under the instruction of his superiors, returned around 9:20 AM on April 4 to place orange warning signs on three vehicles owned by Plaintiffs that the

Village would remove these vehicles from the Plaintiffs' land if not removed by the Plaintiffs in 24 hours.

165.    The Village seized the vehicles by 8:00 AM the next morning, less than 23 hours after Officer Barker placed the "warning" signs on the vehicles.

166.    Not only did the Village provide a form of notice that fell well short of the procedure articulated by statute, but they deprived Plaintiffs of this property interest in an even shorter time frame than they had represented on their written "warning" that gave them 24 hours to respond – or less than a day after the Village unlawfully, suddenly and abruptly closed their entire business and evicted their paying customers.

167.    Defendants, acting under color of state law, purposely, knowingly, recklessly, negligently and/or with deliberate callous indifference to Plaintiffs' fundamental property interests removed Plaintiffs' vehicles without proper notice or either a pre-deprivation or post-deprivation hearing.

168.    No Defendant has either absolute or qualified immunity.

169.    Defendants, by taking actions against Plaintiffs as described under this Count, deprived the Plaintiffs of their property without due process of law guaranteed by the Fourteenth Amendment of the United States Constitution, in violation of 42 U.S.C. § 1983.

170.    The violation of Plaintiffs' rights under color of state law was done pursuant to policy, custom, practice or procedure of Defendant Village of Buckeye Lake via the actions of the Defendants, and specifically Mayor Jeryne Peterson, who is chief executive officer and chief law enforcement officer of the Village of Buckeye Lake.

171.     As a direct and proximate result of the Defendants' actions and inactions in officially and individually depriving the Plaintiffs of their right to due process of law, the Plaintiffs incurred damages.

### COUNT FIFTEEN: 42 U.S.C. § 1983
### VIOLATION OF SUBSTANTIVE DUE PROCESS

172.     Plaintiffs restate the foregoing paragraphs as if fully rewritten herein.

173.     As the owners, principal(s), and/or agent(s) of the Lake Inn and the real estate on which it sits, Plaintiffs have a property interest in the same.

174.     All Defendants, acting under color of state law, purposely, knowingly, recklessly, negligently, and/or with deliberate or callous indifference to Plaintiffs' federally-protected rights, condemned the business of the Lake Inn under the threat of force thereby depriving Plaintiffs of their property and preventing Plaintiffs from utilizing the property to its full economic potential as part of their chosen profession.

175.     All Defendants, by taking actions described under this Count Fifteen, engaged in arbitrary and capricious actions that did not bear a substantial relationship to public health, safety, morals or general welfare of the Village and depriving Plaintiffs of property without due process under the Fourteenth Amendment of the United States Constitution, in violation of 42 U.S.C. § 1983.

176.     No Defendant has either absolute or qualified immunity from liability.

177.     The violation of Plaintiffs' rights under color of state law was done pursuant to policy, custom, practice or procedure of Defendant Village of Buckeye Lake *via* the actions of the Defendants, specifically Mayor Jeryne Peterson.

178. As a direct and proximate result of the Defendants' individually and officially depriving the Plaintiffs of their rights to due process, the Plaintiffs incurred damages in an amount to be determined at trial.

**COUNT SIXTEEN: 42 U.S.C. § 1985(3)**
**CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS THROUGH VIOLATION OF EQUAL PROTECTION**

179. Plaintiffs restate the foregoing paragraphs as if fully rewritten herein.

180. Plaintiffs Sucha Singh, Harbhajan Kaur, and Amandeep Kaur are natives of India, a cognizable and/or protected class of people.

181. All Defendants acting under color of state law, purposely, knowingly, recklessly, negligently and/or with deliberate or callous indifference to Plaintiffs' federally protected rights, engaged in a conspiracy, motivated by class-based invidious discriminatory animus, for the purpose of depriving, directly, or indirectly Plaintiffs' right to equal protection of the laws and/or privileges and immunities under the laws, in violation of 42 U.S.C. §1985(3). Defendants shared a single, common plan and a discriminatory objective of depriving the Plaintiffs of those rights because of their national origin.

182. Defendant Mayor Jeryne Peterson harbored a goal to close the Lake Inn.

183. When the City received an alleged report of a bed bug, it launched a full-scale campaign to close the hotel and failed to provide Plaintiffs with any written notice of what they could do to reopen the hotel, the operation of which constitutes their livelihood.

184. By executing the plan to close the Lake Inn and/or remove the Plaintiffs from their business, Defendant the Village of Buckeye Lake acted in furtherance of the conspiracy through a thinly veiled threat of force in response to a bedbug complaint.

185. No Defendant has either absolute or qualified immunity from liability.

186.    The violation of the Plaintiffs' rights under color of state law was done pursuant to policy, custom, practice or procedure of Defendant Village of Buckeye Lake via the actions of all Defendants and specifically Mayor Jeryne Peterson, who is the decision maker possessing final authority to establish municipal policy.

187.    As a direct and proximate result of the Defendants' individually and officially depriving the Plaintiffs of their rights to equal protection, the Plaintiffs incurred damages.

## COUNT SEVENTEEN: DISCRIMINATORY TREATMENT BASED ON NATIONAL ORIGIN IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT

188.    Plaintiffs restate the foregoing paragraphs as if fully rewritten herein.

189.    Plaintiffs Sucha Singh, Harbhajan Kaur, and Amandeep Kaur are Indian immigrants who are naturalized citizens of the United States.

190.    Plaintiffs were wrongfully discriminated against on account of their national origin and treated differently than similarly situated persons who were not of east Indian descent.

191.    Plaintiffs' hotel business was targeted because of their national origin and Plaintiffs' constitutional rights were recklessly disregarded on the mistaken assumption that Plaintiffs would lack the means and knowledge necessary to defend themselves.

192.    In their haste to close the hotel, Defendant Buckeye Lake as directed by Mayor Peterson failed to follow any notice procedures required by the Village's Code or the International Property Maintenance Code as adopted by the Village.

193.    Defendants had the effect of denying Plaintiffs rights secured by the Constitution and laws of the United States, specifically the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution in violation 42 U.S.C. 1983.

194.     Plaintiffs and their hotel were treated differently than similarly situated businesses, business owners, and business employees in the Village based on their national origin.

195.     Plaintiffs have incurred damages in an amount to be determined by a jury at trial.

## COUNT EIGHTEEN: DISCRIMINATORY TREATMENT BASED ON RACE IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT

196.     Plaintiffs restate the foregoing paragraphs as if fully rewritten herein.

197.     Plaintiffs Sucha Singh, Harbhajan Kaur, and Amandeep Kaur are non-White, naturalized citizens of the United States.

198.     Plaintiffs were wrongfully discriminated against on account of their race and treated differently than similarly situated persons who are White.

199.     Plaintiffs' hotel business was targeted because of their race and Plaintiffs' constitutional rights were recklessly disregarded.

200.     In the haste to close the hotel, Defendant Buckeye Lake as directed by Mayor Peterson failed to follow any notice procedures required by the Village's Code or the International Property Maintenance Code as adopted by the Village.

201.     Defendants had the effect of denying Plaintiffs rights secured by the Constitution and laws of the United States, specifically the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution in violation 42 U.S.C. § 1983.

202.     Plaintiffs and their hotel were treated differently than similarly situated businesses, business owners, and business employees in the Village based on their race.

203.     Plaintiffs have incurred damages in an amount to be determined by a jury at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demands judgment against Defendants as follows:

204.    Compensatory and other monetary damages in excess of $75,000 and an amount necessary to be determined at trial;

205.    Pre- and post-judgment interest;

206.    Attorney fees and costs pursuant to 42 U.S.C. § 1988 and/or other applicable statute or common law;

207.    Declaratory judgement pursuant to 28 U.S.C. § 2201, declaring that Defendants' conduct is retaliatory and in violation of the First and Fifth Amendments of the United States Constitution;

208.    An Injunction, pursuant to 28 U.S.C. § 2202 prohibiting Defendants from further retaliation (including conspiring to retaliate) against Plaintiffs for exercising their First and Fifth Amendment rights prospectively;

209.    An Injunction, pursuant to 28 U.S.C. § 2202 prohibiting Defendants from further violations of Plaintiffs' rights to procedural and substantive due process;

210.    An Injunction, pursuant to 28 U.S.C. § 2202 prohibiting Defendant the Village of Buckeye Lake from maintaining customs or policies to violate, or conspire to violate, constitutional or federal statutory rights; and

211.    Any other declarative, injunctive or other equitable relief this Court deems just and appropriate.

Respectfully submitted,

/s/ Jesse J. Shamp
Thaddeus M. Boggs (0089231)
Jesse J. Shamp (0097642)
FROST BROWN TODD LLP
10 W. Broad Street, Suite 2300
Columbus, Ohio 43215
Tel: (614) 464-1211
Fax: (614) 464-1737

tboggs@fbtlaw.com
jshamp@fbtlaw.com


Scott D. Phillips (0043654) (Trial Attorney)
FROST BROWN TODD LLP
9277 Centre Pointe Drive, Suite 300
West Chester, Ohio 45069
Tel: (513) 870-8206
Fax: (513) 870-0999
sphillips@fbtlaw.com

*Attorneys for Plaintiffs*

## **JURY DEMAND**

Plaintiffs request a trial by jury on all issues so triable.

                                        Respectfully submitted,

                                        */s/ Jesse J. Shamp*_____
                                        Jesse J. Shamp (0097642)
                                        FROST BROWN TODD LLP
                                        10 W. Broad Street, Suite 2300
                                        Columbus, Ohio 43215
                                        Tel: (614) 464-1211
                                        Fax: (614) 464-1737
                                        jshamp@fbtlaw.com
                                        *Attorney for Plaintiffs*

## <u>INSTRUCTIONS TO CLERK</u>

Please issue a summons together with a copy of the foregoing Verified Complaint to be served upon the Defendants at the addresses listed in the caption by certified U.S. Mail, return receipt requested and returnable according to law. If certified service cannot be obtained, the summons and complaint should be reissued via ordinary mail service.

*/s/ Jesse J. Shamp*

Jesse J. Shamp (0097642)

0153433.0769953  4892-1365-8502v1